1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES,                    Case No.  6:19-po-00188-HBK-1

12            v.                       ORDER FINDING MOTION TO REMOVE
                                       COUNSEL MOOT
13   SANDRA D. ORE,
                                       ORDER DENYING MOTION FOR ACCESS
14            Defendant.               TO THE COURT'S E-FILING SERVICE

15                                     ORDER DENYING MOTION TO
                                       RECONSIDER DISMISSAL OF CASE
16
                                       (Doc. No.  52)
17

18

19        Defendant Ms. Sandra Ore proceeding *pro se* filed a motion requesting the Court to (1)

20   remove her court appointed defense counsel, (2) grant her access to the court's e-filing service,

21   and (3) reconsider the Defendant's motion to dismiss.  (Doc. No. 52).  The Court addresses each

22   request for relief raised in Defendant's motion seriatim.

23        **1.  Motion to Remove Counsel**

24        Defendant requests the Court to remove her court appointed attorney on this case who is

25   from the Office of the Federal Public Defender.  (Doc. No. 52 at 1, 4).  Defendant cites to

26   different issues with her court appointed attorney, which the Court interprets as an irreconcilable

27   breakdown in communication with her court appointed attorney.  (*Id*. at 1-4).

28        On April 8, 2022, the previously assigned court appointed attorney for the Defendant filed

1  a motion to withdraw as counsel due to an irreconcilable breakdown in communication with his

2  client.  (Doc. No 49).  On April 19, 2022, the Court held a hearing on the motion to withdraw and

3  conducted a thorough inquiry into the extent of the communication breakdown, questioning both

4  counsel and Defendant.  (Doc. No. 51).  The Court found that there was a serious breakdown in

5  communication between Defendant and defense counsel and granted counsel's motion to

6  withdraw as counsel.  (*Id*.).  Representation of the Defendant by the court-appointed attorney was

7  terminated on April 19, 2022.  (*Id*.); *see generally* docket.  Thus, Defendant's request for the

8  removal of her court appointed attorney is moot.

9          **2.   Motion for Permission for Electronic Case Filing**

10         Defendant seeks access to the court's electronic case filing. (Doc. No. 52 at 1).  The Court

11  utilizes a case management electronic case filing system (CM/ECF) which requires attorneys to

12  adhere to electronic procedures in the Court's Local Rules to file documents electronically.  L.R.

13  133(a) (E.D. Ca. Feb. 1, 2019).  *Pro se* parties are specifically exempted, and indeed prohibited,

14  from utilizing electronic filing unless granted permission from the assigned Judge or Magistrate

15  Judge.  L.R. 133(b)(2); L.R. 183(c).  Any requests from an exempted party to utilize electronic

16  filing "shall be submitted as stipulations as provided in L.R. 143." L.R. 133(b)(3).  If a

17  stipulation cannot be obtained, the moving party shall include in her request "an explanation of

18  the reasons for the exception." *Id*.  Local Rules 133 and 183 apply to criminal action.  L.R.

19  400(a).  Defendant's motion fails to address whether Defendant attempted and was unable to

20  obtain a stipulation from the government or alternatively provide any explanation of why the

21  Court should grant an exemption.  (*See generally* Doc. No. 52).  Because the motion fails to

22  comply with the Court's Local Rules to be granted an exemption from conventional filing the

23  motion is denied without prejudice.

24         **3.   Motion for Reconsideration of Defendant's Motion to Exist**

25         In the caption of the motion, Defendant also requests the Court to reconsider its denial of a

26  motion to dismiss.  (Doc. No. 52).  The motion does not otherwise provide any argument on the

27  issue of reconsideration of a previous motion but instead requests the Government to reconsider a

28  previous offer.  (Doc. No. 52 at 4).

At no point during the proceedings of this action, did this Court rule on a motion to dismiss.  *See generally* docket.  Therefore, the motion is denied because there is no order on a previous motion for this Court to reconsider.

The Court further cautions Defendant that at no point is this Court a part of plea negotiations and the details of such negotiations are not information to which parties can share with the Court.  The Government is required to make the Court aware if and when a plea agreement is reached.[1]  Anything that falls short, including the details of such negotiations, are not matters in which the Court should be apprised.

**4.  Applicability of Federal Rules of Criminal Procedure and Local Rules to Defendant**

"Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable laws.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules." L.R. 183 (2022) (E.D. Ca. Feb. 1, 2019).  Local Rules 133 and 183 apply to a criminal action. L.R. 400(a) (E.D. Ca. Feb. 1, 2019). These Rules are available on the court's website.

The Federal Rules of Criminal Procedure, the Local Rules, and other legal obligations discussed *supra* apply to Defendant.  Defendant's *pro se* status is not an excuse to ignore the Court's warnings, violate various rules; instead, Plaintiff is expected to abide by them.  *See* L.R. 183 (2022).  Finally, Defendant as a pro se litigant is advised that under no circumstance should she communicate with the Court, or the undersigned's chambers, outside of the presence of the Government.  Such communications are deemed ex parte communications and are improper.  All communications between the Court and the parties will occur, and always occur, with the presence of both parties.  Any party seeking relief from the Court is required to submit such request for relief via a motion filed in the case.

---

[1] The Court has no reason to believe that the Government nor prior defense counsel have shirked from any of their respective duties or ethical obligations in this matter.

Accordingly, it is **ORDERED**:

1.  Defendant's request to remove counsel (Doc. No. 52) is MOOT.

2.  Defendant's request for access to the Court's e-filing service (Doc. No. 52) is DENIED without prejudice.  Defendant shall mail all pleadings for filing in her action to the Clerk of Court, U.S. District Court, 2500 Tulare Street, Fresno, California, 93721.

3.  Defendant's request for reconsideration of Defendant's motion to dismiss (Doc. No. 52) is DENIED.


Dated:   April 24, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE