UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:19-po-00188-HBK-1 |
| v. | ORDER DENYING DEFENDANT'S REQUEST FOR SANCTIONS ON PROSECUTOR |
| SANDRA ORE. | |
| | (Doc. No. 74) |

Pending before the Court is the Defendant's motion requesting sanctions on the prosecutor for alleged discovery violations filed August 8, 2022.  (Doc. No. 74).  In support, Defendant takes issue with a probable cause statement she was provided that is missing the law enforcement officer's signature;  reports she has received late discovery from the Government on January 7, 2022; reports not receiving notice of a Government witness before the January 10, 2022 "trial hearing;" reports receiving late discovery on June 22, 2022, after a court imposed deadline of April 19, 2022; and reports that she sent subpoenas to her witnesses but the Government has not provided her with the contact information for the witnesses she subpoenaed and records she requested from the witnesses she subpoenaed.  (*Id*.).

The Government filed an initial response stating that there was no outstanding discovery due to the Defendant but did not include any supporting documentation.  (Doc. No. 78).  As a result, the Court ordered the Government to file a supplemental briefing.  (Doc. No. 79).  The Government timely filed a supplemental brief on September 1, 2022.  (Doc. No. 80).  In its

supplemental brief the "[G]overnment provided copies of reports, records, and any evidence seized in this case" to the Defendant's then-appointed defense counsel on May 12, 2020, March 22, 2021, November 21, 2021, and January 27, 2022. (Doc. No. 80 at 1-2). The Government also provided copies of all the discovery provided to the Defendant's previously appointed defense counsel to Defendant on April 25, 2022 via a Dropbox link. (*Id*. at 2). The Government supported its argument with exhibits that show when discovery was provided. (*See generally id*.). Defendant filed an Emergency Motion to Compel Prosecutor to Provide Copies of All Their Court Filings and For Sanction to Be Imposed for Violations of Due Process Right, Etc. on September 13, 2022, which the Court construes as a Reply.[1] (Doc. No. 82). For the reasons set forth in this Order, the Defendant's motion is denied.

### I.   APPLICABLE LAW

The Government must turn any exculpatory evidence in its possession to the defense. *Brady v. Maryland*, 373 U.S. 83, 87-88 (1963). Furthermore, the Government must disclose to the defense any evidence that effects a witness' credibility. *Giglio v. United States*, 405 U.S. 150, 153-54 (1972). The Government is also required to examine the files of testifying law enforcement officers and disclose information that may be material to the defendant's case. *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). However, there is "no duty to provide defense counsel with unlimited discovery of everything known by the prosecutor" but the prosecutor is required to disclose to defense discovery "if the subject matter…is material, or indeed if a substantial basis for claiming materiality exists." *United States v. Agurs*, 427 U.S. 97, 106 (1976). A prosecutor does not violate his or her constitutional duty of disclosure unless the "omission is of sufficient significance to result in the denial of the defendant's right to a fair trial." *Agurs*, 427 U.S. at 108. "[T]here is no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case. The mere possibility that undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish materiality in the constitutional sense." *Id*. at

---

[1] The pleading reiterates the same arguments raised in the instant motion

2

1 109-110 (internal quotations omitted) (citing Moore v. Illinois, 408 U.S. 786, 795 (1972).

2 Finally, the prosecutor does not have a constitutional duty to deliver his or her entire file to the

3 defense. *Id*. at 111.  In addition to Supreme Court case law, the Federal Rules of Criminal

4 Procedure govern the Government's mandatory disclosure obligations.  *See* Fed. R. Crim. P. 16.

## II.  ANALYSIS

### A.  Probable Cause Statement

Defendant argues the Probable Cause Statement is inadmissible under CAL. PENAL CODE § 1538.5 because it is not signed by the citing law enforcement officer, Ranger Buckley. Defendant included as an exhibit the unsigned probable cause statement and alleges that the probable cause statement was not signed because it was fabricated.  (Doc. No. 74 at 3-4).  The Defendant offers no evidence to support the allegations that the probable cause statement is fabricated.

As an initial matter, the California Penal Code, as it relates to the admissibility of the probable cause statement, has no bearing on this Court.  The probable cause statement that was docketed with the Court on May 7, 2019 was signed by Ranger Buckler on January 13, 2019. (Doc. No. 1).  To the extent the Defendant wishes to object to the authenticity of the statement, she may raise any such objections, if and when, it is introduced into evidence.

To the extent Defendant is arguing there is no probable cause to have stopped her, that matter was previously raised and ruled upon by this Court.  The Court found that the Ranger had probable cause to stop the Defendant.  (Doc. Nos. 41, 43).  Furthermore, to the extent that Defendant argues she was stopped under the guise of racial motivation, she offers no evidence in support of her allegations.  (See Doc. No. 74 at 4) ("[Ranger Buckley] stopped me based on racial profiling and nothing else because I never committed any traffic offense to warrant the stop."). The Court previously found there was probable cause to stop the Defendant.  (*See* Doc. No. 43). The Court also previously construed a request from the Defendant as a *Henthorn* Request and the Government notified the Court that it is in compliance with its obligations under *United States v. Henthorn*.  (*See* Doc. Nos. 70, 71).

Finally, to the extent the Defendant is arguing she has not received the signed probable

cause statement, the Court afforded the Defendant the opportunity to file a motion identifying what discovery she purportedly has not received, and Defendant elected not to file a motion. (*See* Doc. No. 63; *see generally* docket).   As a result, due to the Defendant not filing a motion indicating what, if any, discovery she had not received, the Court concludes that she has received all discovery as the Government has consistently represented.  If at trial the Government introduces evidence that the Defendant claims she has not received, she may renew her motion.

**B. Discovery**

Defendant next argues that the Government submitted discovery to the Defense on January 7, 2022, two days before a scheduled trial. (Doc. No. 74 at 5).  The Defendant argues that the Government "never provided good cause" for the delay. (*Id*.).  Significantly, at this time, Defendant was represented by counsel.  Counsel made no objection to any supposed late discovery on the eve of trial.  Further, as discussed *infra*, Defendant did not appear for the January 10, 2022 trial.

Moreover, a review of the Government's supplemental brief reflects the Government produced multiple discovery related documents and material on November 29, 2021 as well as the production of discovery on September 16, 2021 and March 22, 2021.  (Doc. No. 80 at 8-10).  The Government also states it provided discovery to the Defense as early as May 12, 2020. (*Id*. at 1). Finally, the Government explains that on April 25, 2022, within the Court imposed deadline of April 29, 2022, it provided all discovery to Ms. Ore that it previously had provided to the Defendant's defense counsel and then on June 22, 2022, again provided all discovery for this action. (*Id*. at 2).  While the Government's method of documenting when discovery was provided to the defense may not be the most prudent method, the Court is satisfied that the Government has complied with its discovery obligations. (*See generally id*. at 3-13).

Even assuming arguendo that the Government has not provided "timely" discovery because it was not provided until two days before the previously scheduled January 10, 2022 trial, Defendant suffered no prejudice because the trial did not occur on January 10, 2022.[2]  (Doc. No.

---

[2] The trial did not occur because of any alleged discovery violations by the Government but because Defendant did not appear for the trial. (Doc. No. 44).

44).  Instead, the trial was rescheduled to April 12, 2022.  (Doc. No. 50).

### C. Disclosure of Witness

Defendant argues that she did not receive notice from the Government that the Government intended to call Mr. Rallo from the Florida Department of Motor Vehicles as a witness at the previously scheduled January 10, 2022 trial.  (Doc. No. 74 at 5).  The Federal Rules of Criminal Procedure require the Government to disclose expert witnesses.  *See* Fed. R. Crim. P. 16(a)(1)(G).  Presumably Mr. Rallow was not being offered as an expert witness.  Furthermore, the Supreme Court has established that even under Rule 16 of the Federal Rules of Criminal Procedure, the Government is not required to disclose to the defense a list of its prospective witnesses in noncapital cases.  *See Weatherford v. Bursey*, 429 U.S. 545, 559; *see also United States v. Sukumolachan*, 610 F.2d 685, 688 (9th Cir. 1980).  The Government did not violate any duty by not disclosing Mr. Rallo to the defense prior to the previously scheduled trial.

### D. Subpoenas

Defendant next complains that the Government is not cooperating with her subpoena requests.  (Doc. No. 74 at 6-7).  Defendant explains she received the requested subpoenas and promptly sent them to witnesses; however, she has not received the contact information or requested records.  (*Id*.).  The Defendant did not provide a copy of the subpoena or information to help the Court better understand the issue, such as the name of the witness or the records the Defendant is requesting the witness to produce.  In her Reply, Defendant attaches a Subpoena directed to the Director of Yosemite Police records seeking "all complaints filed against Ranger Kevin Buckley" and "all reprimands issued to Ranger Kevin Buckley for misconduct."  (Doc No. 82 at 5).  The Court assumes this is the documents of which Defendant complains.

Rule 17 of the Federal Rules of Criminal Procedure governs subpoenas.  The content of a subpoena must include "the court's name and title of the proceeding, include a seal of the court, and command the witness to attend and testify at the time and place the subpoena specifies."  Fed. R. Crim. P. 17(a).  As it relates to the production of documents:

> [a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates.  The court may direct the witness to produce the designated items in court

>before trial or before they are offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1).

First, the trial in this matter has not yet taken place. As noted on the subpoena, such information was to be presented at the Defendant's rescheduled trial set for August 1, 2022. (Doc. No. 82 at 5, noting date and time for trial). The Clerk issued the subpoenas and Defendant states she mailed the subpoenas. As far as the Court can tell, based on the information provided by the Defendant in her motion, the Government has met its obligations under Fed. R. Crim. P. 17.

Liberally construing the motion, Defendant appears to argue the Government violated its discovery obligations by not providing the contact information of this unspecified witness. (Doc. No. 74 at 6-7). The undersigned already addressed the applicable case law and rules as it applies to discovery *supra*. Further the Government notified the Court that it is in compliance with its obligations under *United States v. Henthorn*. (*See* Doc. Nos. 70, 71). Thus, the Court has no basis to suspect the Government is in possession of the requested information. The Defendant does not allege any facts or provide any evidence to the contrary. As a result, due to the lack of information provided by the Defendant, the Court does not find that the Government violated any of its discovery violations.

### E. Speedy Trial

Defendant argues that due to the Government's actions her rights to a speedy trial under the Speedy Trial Act of 1974 and General Order Number 92 have been violated. (Doc. No. 72 at 6-7). Defendant is charged with violating 36 C.F.R. 4.2(b) incorporating CAL. VEH. CODE § 12500(a), a Class B Misdemeanor. As a result, the Speedy Trial Act of 1974 does not apply to Defendant's case. While General Order Number 92 encourages the prompt disposition of a case, the Government is not the sole party at fault for the unusual delay in bringing this case to a proper disposition. A review of the docket indicates that Defendant either jointly or solely moved for at least eight continuances in this case. (*See generally* docket). This does not account for the Defendant being absent or willfully disconnecting her Zoom connection when this Court had this

action scheduled for a trial on two separate occasions. (*See* Doc. Nos. 44, 73). The undersigned does not find any egregious or malignant acts from the Government to purposefully delay this case.

### F. Vindictive Prosecution

Out of an abundance of caution, the Court also construes Defendant's motion as a request for sanctions on the Government for a vindictive prosecution. (See generally *id*.). The Ninth Circuit has applied three different standards when reviewing a case for vindictive prosecution: abuse of discretion, clearly erroneous, and *de novo*. *United States v. Montoya*, 45 F.3d 1286 (9th Cir. 1995). "To establish a prima facie case of prosecutorial vindictiveness, a defendant must show either direct evidence of actual vindictiveness or facts that warrant an appearance of such." *Id*. at 1299 (quoting *United States v. Sinigaglio*, 942 F.2d 581, 584 (9th Cir. 1991)). "Evidence indicating a realistic or reasonable likelihood of vindictiveness may give rise to a presumption of vindictiveness on the government's part." *Id*. (quoting *United States v. Garza-Juarez*, 992 F.2d 896, 906 (9th Cir. 1993)). "However, the Supreme Court has emphasized that this presumption must be supported." *Id*. (citing *United States v. Goodwin*, 457 U.S. 368, 381 (1982)). "Once a presumption of vindictiveness has arisen the burden shifts to the prosecution to show that "independent reasons or intervening circumstance dispel the appearance of vindictiveness and justify the decisions." *Id*. (citing *United States v. Hooton*, 662 F.2d 628 (9th Cir. 1981)). The defendant must prove improper prosecutorial motive through objective evidence before the presumption attaches. *Id*. (citing *Goodwin*, 457 U.S. at 380 n.12).

Defendant has not met her burden to establish a presumption of vindictiveness. Defendant's allegations are similar to those in *United States v. Montoya*. Defendant provides only blanket, unsupported allegations that the Government provided a false and fabricated probable cause statement. (Doc. No. 74 at 4). Besides the unsigned probable cause statement, Defendant provides no evidence supporting the assertion that the probable cause statement was falsified or fabricated. (*See generally* Doc. No. 74). Defendant also alleges the only reason she was stopped by Ranger Buckley was because of racial profiling. (*See id*.). As already discussed *supra*, this Court already determined that Ranger Buckley had probable cause to stop the

Defendant.  (*See* Doc. No. 43) (ruling that the law enforcement officer found that the Defendant, given the wintry conditions of the road, was following too closely the vehicle in front of her for an extended period of time).  Essentially, all that is before the court is perfunctory baseless allegations that the prosecutors are acting with vindication against the Defendant.  The Ninth Circuit has already held that such allegations are not enough to establish a presumption of vindictiveness.  *See Montoya*, 45 F.4d 1286 (9th Cir. 1995); *see also United States v. Dohm*, 1995 U.S. App. LEXIS 22471, *6-*7 (9th Cir. 1995); *United States v. Campbell*, 134 F.Supp. 2d 1104 (C.D. Cal. 2001).

       Accordingly, it is **ORDERED**:

1. The Defendant's motion requesting sanctions on the prosecutors (Doc. No. 74) is DENIED.

2. The Court construes Defendant's Emergency Motion to Compel Prosecutor to Provide Copies of All Their Court Filings and For Sanction to Be Imposed for Violations of Due Process Right, Etc. filed on September 13, 2022 (Doc. No. 82) as a Reply.  The Clerk shall terminate it as a pending motion.

3. Due to this matter proceeding to a video trial on Tuesday, September 20, 2022 at 10:00 AM, the Court directs the Clerk to serve a copy of this Order on Defendant via email, in addition to serving a copy via regular first class mail.

Dated:   September 15, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE